Thank you, Your Honor. May I remove my mask to argue? You can take your mask off, but you don't have to if you don't want to. Oh, I'm fully everything'd, so I feel comfortable. Thank you so much. May it please the Court opposing counsel, good morning and thank you for inviting us to argue this very interesting case before you. In addition to the questions that you have of me, I am here to discuss with you whether a Rule 68 judgment remains valid. Counsel, help me with a couple of questions I have. Yeah, sure. It looks to me as though our sister circuits, to the extent they've spoken on this, I believe that the Circuit and the Fifth Circuit have, take the view that a Rule 68 offer of judgment is irrevocable for the time period specified in the rule. I think to go with you, with your position on this case, we would have to disagree with our sister circuits. Is that correct? Yes, Your Honor. And Judge Malloy apparently also disagreed because his ruling was based on the fact that there was no judgment entered. And there are other cases, as we've cited in our briefs, that summary judgment actually nullifies during that 14-day window. You know, on that, I can't see, suppose that you don't just take the irrevocable view, and I'd like to hear you explain why we should reject the view of our sister circuits on irrevocability. But even with that, I don't see why summary judgment would do anything except change your odds. I mean, a lot can happen after summary judgment. If it's partial, there may be a trial on other issues. If it's a summary judgment on liability, there may be a trial on damages. If it's a summary judgment that disposes of the case, as in this case, there's still the possibility of reconsideration, and there's also the possibility of appeal. And both would be cut off by acceptance of an offer of judgment. So it seems like the offer of judgment still has a lot of importance after the summary judgment. So I guess I've raised two questions with you. Why should we disagree with our sister circuits on irrevocability, and why should a summary judgment be treated as though it terminates the case? Your Honor, I appreciate the question. And in this particular case, under ordinary circumstances, summary judgment in Judge Malloy would have — would not have entered the order had he entered judgment. But to your question about the 14-day period, the rule — the purpose, the entire purpose of Rule 68 is to foster settlement, to create a situation where the parties are thoughtful and reasonable about making an offer. You have to have time to do that. You have to have depositions. In this case, we had a whole — But it's not like an informal offer where you call up and you say, we'll settle for 50, and then things go one way or the other as the case develops, and you say, that offer's off the table. It's now 100, or it's now 25. And we're not — we are not suggesting — under normal circumstances, an offer of judgment should remain open for 14 days. In this case, the case died in that 14-day period. What do you mean by died? For all intents and purposes, it was a dismissal, just like in the Arroyo case. Well, but see, Counsel, I have a problem with that. Okay. That even if I could see that you would have a better argument, and I'm not sure I would, but even if I could see that I would have a better argument if a judgment had actually been entered, the court, as I understood it, said, given summary judgment to the county, an order — or a reasoned decision and a judgment are coming. Is that a fair characterization? It is. So why — even if a judgment would cut off Rule 68, and I'm not sure it would, why would the judge say, coming events, county wins? Why would that be enough? Obviously, and Judge Molloy did not tell us that, but given the timing that we were working under, the day his order came in at 4.05 or something like that, on Thursday afternoon, Mr. Badroudin and I had been working on a pretrial order for days. Pretrial filings were due the next day on Friday, and trial was set for two work weeks from that day. Yeah. I assumed that Judge Molloy was thinking about his calendar, our calendars, and trying to give us — let us know, this case is over. Well, but counsel, you could have circumstances where you've put out an offer of judgment, and the next day you do a deposition where your case is premised on the light being green, and you have an eyewitness police officer who you didn't know had any information who says, oh yeah, I was looking at the accident and the light was red. The case is effectively over, but you don't get to do anything about it. You're stuck with your offer of judgment, right? Exactly, but the case isn't effectively over because there's always a question of fact. In those kinds of cases, you can make the argument. Here we have a judge saying the case is over. Couldn't they have filed a motion for reconsideration? Sure. You can always file a motion for reconsideration. So, aren't you — isn't the problem here, Ms. Lennon, it seems to me that a textual review of Rule 68 tells me that the offer is open for 14 days, and what you're saying is you almost want us to read in an exception to that language by saying it's open for 14 days unless the court grants us summary judgment, and that's not what the language says. The language does not say that, but that's not what I'm saying. What I'm saying to the question, I'm not saying that a defendant should be able to withdraw an offer of judgment at any time in the 14-day window if the case is still valid. That's the language you're asking us to insert. Your Honor, Rule 68 has been interpreted by many courts to say that the offer must — the case must be viable, must be valid. I mean, if we look back to contract law, let alone the policy, and there are many cases that we cited that talk about the policy of Rule 68, and this court in Arroyo, a dismissal with prejudice was sufficient. That was a dismissal without prejudice, was it not? Dismissal without prejudice was not — yes, the dismissal without prejudice could — Different kind of case. — not take it away, yes. But there is a case that I cited that a dismissal with prejudice, once a judgment was entered, again, it rested on the judgment, was sufficient. In Lange, the Ninth Circuit case, a settlement was sufficient to get fees under Rule 68. So, Counsel, is there a case — can you cite a case to us that says that a Rule 68 offer of judgment can be withdrawn? It is affected — I said in many cases, not in any — the Federal cases and State cases, that an offer of summary judgment is nullified — an offer of judgment under Rule 68 is nullified. Wait a minute. I'm not talking about summary judgment right now. I'm asking you, is there precedent for the position that a Rule 68 offer of judgment can be withdrawn? I know there's precedent for the contrary proposition, that it is irrevocable and cannot be withdrawn, and I just want to know, is there precedent for your position that it can be — There's precedent — and our argument is not on that it was withdrawn. There is precedent for the decision that it is nullified by an exception — I know that. Your argument is that it became moot. But I want to know whether there's precedent for the position that it can be withdrawn. The withdrawal during the 14-day period — That's what I'm asking. Yeah, no. We did not — that's why we did not hammer that argument, because there is not much precedent for that. So, counsel, help me a little bit with the timing here. So you put — was your offer of judgment before or after — was there an argument on the summary judgment, or did the district court — or did the court decide it without argument? Decided without argument. And so the papers had been submitted to the court before your offer of judgment? Yes. So you were aware that when you did your offer of judgment as opposed to a settlement offer, you were aware that the court could rule? Yes. And so you had the option of making a settlement offer that wasn't an offer of judgment that said, if the court rules in our favor, this is deemed automatically null and void. You could have done that. Well, first of all, within the offer of judgment, are you asking me if I could have done that? No, I'm saying you could have had a regular settlement offer. We did. We had a long — a day-long settlement conference in front of one of — a person who I consider to be one of the best mediators in Montana. But your choice was, instead of having the Rule 68 — I mean, instead of having just a regular settlement offer, to have a settlement offer that actually imposes consequences on the other side if things don't work out the way they want? We — yes. And so — but doesn't — isn't the — sort of the flip side of the consequences on the other side that the consequences on you are 14 days, cannot withdraw it? Well, the — we hope — let me answer that a little bit in this way. We'd hope to get a summary judgment ruling. We thought we had a good summary judgment motion. But as we got closer and we didn't want to drop the offer of judgment, we wanted to settle the case. And that's the purpose of the rule. And obviously, we made a really good offer — $50,000 plus fees and costs — for a case that had, according to Judge Moy, no value. We did it a little bit before the 14 days, a couple of weeks before the 14 days, to do it in time. And I could have — I suppose I could have put in there, unless the court grants summary judgment — although, if you read the case law, there is a lot of litigation over conditions. Yeah, I'm not — I'm not sure that would have worked. But whether — Well, I don't even — it wouldn't even have occurred to me. But whether it would have worked or not, you didn't put that in there. I did not, because I — I did not — it wouldn't have worked this time, because it rested on a judgment, not summary — not an order. But it — but there's lots of litigation over conditions in Rule 68 judgments. So we made a clean, substantial offer of judgment. It was well considered. And we did it after we finished discovery, filed a motion for summary judgment. We did everything right. And the point of the policy in every case, even this Eighth Circuit case, Perkins, which is the one that Mr. Kubiak relies on the most, goes through the policy, and it is to encourage settlement and to play a game like this with the defendants who do everything correctly. It's simply the timing of the order. So, counsel, if, hypothetically, we were to agree with you, and we were going to draft a decision, a precedential decision, that sets up the test, what the factor would be, what we would have to put as sort of the footnote to Rule 68, what test would it be? Would it be the court announcing it was likely to grant summary judgment, the court sending an email saying, I'm going to grant summary judgment? Because, obviously, it's not the judgment itself, because that doesn't help you. So what would the rule that you would ask us to announce in this case be if we were to rule in your favor? The rule that would be most in keeping with the policy behind Rule 68, which is supposed to be fair to both parties, and it does have consequences for both parties, that you make a reasoned settlement offer. If the case is dismissed, that it's obvious from the order, that judgment's going to be entered, I'm not talking about maybe if that... If it is dismissed, the offer of judgment is nullified. You can always... So the rule that you would have us make is, if the trial judge indicated that he will, in the future, be entering an order dismissing the case, then on that basis, the offer terminated. Your Honor, no. In this case, the judge did not indicate. He said, he vacated the trial, all motions were deemed moot. He gave a reason for every count he dismissed. It may have been one sentence. His preference, he could have entered a judgment at that time. He didn't. He chose not to. He wanted to give a reasoned opinion. He left no doubt. The order leaves no doubt. He was dismissing... So the test would be if the district judge says something that leaves no doubt that in the future, he will terminate the case? He terminated the case. He just hadn't entered judgment. Well, you know, I don't... I was just thinking when you made your last remark, I was just rewriting an opinion. And as I worked through the problem step by step, I changed my mind about how the case ought to be decided. Couldn't that have happened to the trial judge in this case? In this case, I doubt it. But he could have changed his mind... But he could have. ...on a motion for reconsideration, whether he granted some judgment or whether he just gave the order. Or even, what made me think about this is you said, instead of just directing the judgment be entered by the clerk, he said, I'm going to write a reasoned opinion. And that writing process is part of the intellectual process of figuring out which way to go in a case. So that's a third way that, besides reconsideration and appeal, that things could have changed. If the court is going to leave the 14 days open and deem it inviolate, which is not the majority rule in the cases I cited, if that's the case, there is nothing I can say to argue that changes that. If the court is going to turn on whether it's a judgment entered by the clerk or an absolute dismissal, both of which could be subject to reconsideration under Rule 60B, even a judgment, that would be under reconsideration. Then there's nothing I can say. He made the decision right in the middle of the 14 days. But the policy behind the offer of judgment is to prompt judicial economy, pretrial settlement. The defendants have to participate in that and to charge defendants with a case that is, if you re-judge Malloy's order, done. He's just got his ministerial stuff to do later. Then there's nothing I can say to that. But I would encourage you to look carefully at the cases that have, especially the Eastern District of Tennessee case day, this court's decision in Lange, the policy, all the courts agree on the policy, and what kind of a chilling effect will the ruling that you better make your offer early, because you don't want to, you can't put Rule 56 below Rule 68. Okay, Counselor, your time has expired, but we've taken a lot of your time with our questions and we'll give you a couple of minutes for rebuttal. Rebuttal? Yep. So you're done now, but we'll give you a couple of minutes for rebuttal. Okay, Counsel, whenever you're ready, you have 15 minutes. I think you're on mute. Indeed, I am. May it please the Court, my name's Shondor Butteredine, I represent the appellee, Robert Kubiak. I wanted to pick up where you left off regarding the rule that this court might have to announce if it's going to rule in favor of the appellant's Ravalli County. You're going to have to figure out how many, what kind of non-final, non-appealable orders terminate the Rule 68 14-day time frame within which to accept an offer. For example, I had a We sued a pharmacist, and the pharmacist asserted that they were protected by the learned intermediary doctrine, which generally applies to pharmaceutical companies. The doctor prescribes the medication, the doctor knows the patient, it's the doctor that's responsible for knowing the interactions and adverse reactions, and all the pharmaceutical company has to do is report them in the FDA package insert. But there was never any decision in Montana State Court regarding whether learned intermediary applies to the pharmacist. And that ruling would have been the death knell to our claims. If it applies, then the case is dead, so to speak. It's alive and well, it's just we can't possibly win it. So that would be an example of the sort of ruling that would terminate the Rule 68 14-day response time. There's other provisions that might do it. If your client is determined to be an employee in a negligence case of the defendant employer, now all of a sudden there's a worker's comp bar. And that's the death knell to that sort of claim. And so on and so forth. There's so many rulings that telegraph a bad result, a negative judgment in the future, and they don't end the case. And I think it would be impossible for the court to announce such a rule. But I read the, of course, the defendant's briefing, and I listened to the there is an ambiguity in our Rule 68 contract. And we want the district court, now this court, to construe that ambiguity in our favor. And two, they're saying regardless of any ambiguity, we made a mistake. And the district court erred by not relieving us of the consequences of that entered his order announcing that he was going to grant summary judgment. Why didn't that mean that the county was no longer defending the claim? Wouldn't that fall within that language of Rule 68? No, Your Honor. I think what Rule 68 speaks to is at the time the offer is made, the defendant is defending a claim. It doesn't speak, the only limitation on a Rule 68 offer is you can't, the trial can't start during the 14-day period because how could you have 14 days prior to trial if the trial starts in less than 14 days. But the operative language is defending a claim when they make the offer. And that's in Rule 68a. And that's why I would say they were defending the claim because they most certainly were defending a claim on June 3rd. I think it was June 3rd they made their offer. And he didn't rule on summary judgment until after that. And he never did rule. He was going to issue a reasoned judgment later. So I think the simplest way to resolve this case is as this court commanded in Mutual Insurance v. EEOC, where the rule applies, its language is mandatory, and there's no discretion but to enforce it. You would, I take it, counsel, agree that if we were going to rule in your favor on that ground, we don't have to reach the hypothetical, not before us, of what would have happened had a judgment actually been entered within the 14 days? Yes, I would agree that you would not have to do that. And I wanted to point out, in U.S. West, or Perkins v. U.S. West, a judgment was entered. In Arroyo, a judgment was entered. In Ramming, the facts are confusing, and I don't want to spend my limited time working through them, but I'm pretty sure a judgment was entered. And the only case in which a judgment was not, no, a judgment was entered in Collar v. Avalux, and the 11th Circuit found that dispositive. It was final judgment, too late to accept the Rule 68 offer. No judgment was entered in our case. In Perkins v. U.S. West, a dismissal was entered. Our complaint wasn't dismissed. In Arroyo, a dismissal was entered. Our case wasn't dismissed. Our case was a lot, how can I say, less, it was on the table, but in Perkins, the case was dead, so to speak. It was alive, even if it wasn't kicking. Yes, sir, exactly. So I think what's critical, if you don't have to reach this issue because it doesn't exist, what's critical is final judgment wasn't entered. And I wanted to mention briefly Lange v. Gates. I think what was going on in Lange v. Gates, and the court said— Wouldn't it be decisive if final judgment had been entered? I recall in my law practice quite a lot of negotiation after a final judgment had been entered in order for the winner to forestall an appeal. Yes, I have also negotiated settlements after judgment was entered. And I think, again, the district court seemed to think the Eighth Circuit didn't seem to think so in Perkins. And Arroyo, there was a final judgment. The court entered a judgment. And in all those cases, all these orders in question were final orders that the plaintiff could have appealed under pursuant to 28 U.S.C. 1291. We couldn't do that. Mr. Kubiak couldn't appeal that order at, I think it's excerpts of Record 23, the summary, the order that we're talking about so much. That's not a final order. That's not one we could appeal. I'm kind of curious. The way Rule 68 is written, the deadline for making an offer of judgment is related to the date set for trial. And I'm curious about how that would affect a case where there had been a final judgment. I'm wondering, could he even make a Rule 68 offer of judgment after a final judgment? Could a defendant make an offer after a final judgment? I don't think so. Yes, because the plaintiff wins $100,000, but it looks pretty vulnerable on appeal. So the defendant makes an offer of judgment for $75,000 after a final judgment's been entered for $100,000. I think if they're defending a claim, which they are, I guess, the offer is made after trial, so it's not made 14 days prior to trial. So it would not comply with the simple language of Rule 68. And they could not benefit from its provisions. But anyway, about ambiguity and mistake. If the court wants to leave the plain language of Rule 68 and Liberty Mutual Insurance and address these claims, Rule 68 contracts are under, there's a case we cited in our brief, Webb v. James and Mallory v. Eirich. And those were cited by Arroyo in Note 1. In construing Rule 68 offers contract and the parties disagree to what was intended, the courts of this nation apply simple contract principles in interpreting that Rule 68 contract. But that doesn't mean you apply contract defenses to the Rule 68 offer. And that's what the Webb court said, which is the Seventh Circuit. And the reason for that is Rule 68 contracts are unique. They have that cost-shifting provision. And the cost-shifting provision is only more, the Rule 68's designed to exert pressure on the plaintiff. And it's written that way, and it's only more so when there are a statute that provides attorney's fees provisions. And the special thing about Rule 68 contracts is they're binding whether refused or accepted. So in light of all these special circumstances that only exist with Rule 68 contracts, courts are reluctant to let defendants challenge the meaning of an offer either before or after acceptance. That's what the Webb court held, the Seventh Circuit. Adherence to the language of the offer whenever possible alleviates unfairness to the plaintiff. It's already unfair. But adherence to the language of the offer alleviates any additional unfairness. That's what the Seventh Circuit held in Webb. Challenges undermine the purposes of Rule 68. That's what the Seventh Circuit held in Webb. What are the purposes of Rule 68? Well, to encourage settlement. That's what the U.S. Supreme Court held in Delta versus August. And the advisory committee notes to the Rule 68, the 1946 amendments to Rule 68, say it's also designed to avoid protracted litigation. And you mentioned earlier in the argument, Appellant's argument, the litigation is over. This Rule 68 offer ended the litigation. It's a fantasy to think that somehow the case was dead. The district court had to write this well-reasoned opinion. Maybe they get a Rule 59 asking it to reconsider. This court's going to get an appeal thereafter. And it's not going to be a 15-page brief with a 60-page record. It's going to be a monster dealing with issues like qualified immunity, Monell, things that make your head hurt. So the acceptance, thanks to the Appellee, Mr. Kubiak, accepting this offer, we have terminated the litigation. We have avoided protracted litigation. And we have achieved settlement. The purposes of Rule 68 have been served by denying the Appellant's appeal. And last, let's just say there is an ambiguity. Let's just say there is a mistake. The defendants aren't without remedy. Webb and Mallory noted there's a thing in the rules of civil procedure called Rule 60B. Rule 60B1, fraud, mistake, fact, excuse, mistake of fact. I'm sorry. Fraud, mistake, excusable neglect, inadvertence. They could argue those things. Your view is that that could potentially be viable, like in the case where the parties looked at, where after Rule 68, I think, had been accepted, the insurer discovered that the beneficiary had actually burned his own house down. Sure. Yeah, that would be an example, I think, of fraud. Or let's say they made a mistake. We had intended to limit this offer to whether or not, to presume that the district court would not grant our motion for summary judgment. Well, that's not really a mistake. They should have put it in there. They're the master of the Rule 68 offer, so put it in there. U.S. West, Perkins v. U.S. West, says they can do exactly that. And conditional offers, conditional offers is what Lane v. Gates talks about. Aren't there cases that go both ways on that, whether it can be anything but a straight offer in the language of Rule 68? Well, I mean, there's always a risk, but what Lane was concerned about is allowing the plaintiff to manipulate the rules and abuse the purposes of Rule 68. And in that instance, conditional offers were held to be appropriate. Well, there's nothing in the text of the rule, if one looked literally at the text of the rule, which would suggest that somebody could say there are events before the 14 days expire that would terminate the offer. Well, so I guess the easiest answer is that issue is not before the court. That issue is not before the court. Let's just say the rule, they did it like I'm suggesting they should have, and we accepted the offer. I don't know, the judge granted a Rule 59, and we went to trial after all. I could say, well, you know, the judge issued his order, so I didn't have my 14 days, and I still want my attorney's fees and costs despite having rejected the offer. But that issue is not before the court. There's also other ways out of Rule 68, the lack of authorization of counsel, a mistake that's communicated to counsel before acceptance. But the appellees and the appellants in this case haven't asserted any of those claims. They could have done so below. They could have made a Rule 60B motion below. They could have made a motion of some sort below saying, look, there's this mistake, there's this factual scenario. The only argument they presented is that somehow the 14-day period expired when the court issued its non-final order. And I would ask the court to affirm the district court, and that's it. Okay. Thank you, counsel. Counsel, we'll give you two minutes for rebuttal. To be clear, the county defendants do not argue that if you have a bad case, you get out of a Rule 68 judgment. I think the argument has gone that that is not what we're contending at all. What I hear the court saying is 14 days, is it inviolate, is it not? Can we get out with a summary judgment or not a summary judgment? I believe you'll find the case law that I cited that many courts have said the Rule 68 offer is nullified by a summary judgment. In all of those cases, a judgment was entered in those cases. In this case, there is a distinction without a difference. It is form over substance. If a judgment had entered, been entered, we could have done a rule fit, we could have done an appeal, we could have done a Rule 60B motion. You can always do that, but that's not a judgment being entered as opposed to an order that says very specifically that it is ordered the defendant's summary judgment is granted, a reasoned decision will follow in due course, judgment will be entered at that time, will be entered at that time. It is further ordered that the remaining motions are denied as moot. It is further ordered that the June 20, 2021 trial and all related deadlines are vacated. For all intents and purposes, that case was as over as it would have been had a judgment been entered. Again, if the 14 days is inviolate, no matter what, and Mr. Vadavuddin mentioned contract principles, if there is no consideration anymore, and if you will look at the cases, if you look at the Ninth Circuit's reasoning in Lange and also the case that we cited in all of our briefing, Day, Day points out pretty, and this reasoning is throughout the case law and the policy, that the public policy is to encourage settlement. If you give a party the opportunity to peek behind the curtain and make a decision whether to ride his horse all the way to the end or take the verdict, or in this case, the summary judgment offer when he's getting nothing, he knows now he's getting nothing, frustrates that purpose. Those aren't my words. Those are the words of courts. Thank you. We thank both counsel for their helpful arguments, and the case just argued will be submitted.
judges: KLEINFELD, Fisher, BENNETT